## Campbell *versus* Braden.

1. In ejectment plaintiff claimed title by virtue of an Orphans' Court sale of the property in dispute for the payment of the debts of C., and a deed in pursuance thereof from the executors of C. The defendant showed that he had entered into possession in 1854 under an alleged parol gift from C., who was his father, who was then unembarrassed and had remained in uninterrupted possession for more than twenty-one years from his father's death. The court directed a verdict for plaintiff on the ground that the evidence of defendant was insufficient to take the case out of the Statute of Frauds: *Held*, that this was error; that even though the evidence of the parol gift was insufficient to establish a good title, the evidence of adverse possession should have carried the case to the jury. Even as to the gift there was evidence enough to go to the jury except as explanatory of how the defendant went into possession.

2. Per GORDON, J.—The real question is not so much what was intended by the donor, as what the donee's understanding was, what he claimed and did. Did he consider the gift absolute, and under that idea did he hold adversely to his father for the period of twenty-one years.

November 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J., absent.

Error to the Court of Common Pleas of *Greene county*: Of October and November Term 1879, No. 61.

Ejectment by Daniel W. Braden against Benjamin F. Campbell to recover a house and lot in Waynesburg, Greene county, being one-half of lot No. 146, in the original plan of said town. The defendant pleaded not guilty. Both parties claimed title under Benjamin Campbell, deceased, the father of defendant. At the

[Campbell v. Braden.]

trial, before Willson, P. J., the plaintiff showed title by his purchase of the premises in question at an Orphans' Court sale, for the payment of debts, which was duly confirmed by the court, and a deed to plaintiff from the executors of decedent in pursuance thereof.

The defendant set up a parol gift from his father in 1853, by virtue of which defendant had entered into possession in 1854, and had by himself or through his tenants remained in uninterrupted possession thereafter. The brother of defendant and other witnesses in effect testified that Benjamin Campbell, the father, had purchased the entire lot, No. 146, on the town plan, in 1848, with the intention of giving it to his two sons, both of whom had been recently married, and with a view to building a house for each of them thereon. The house on the lot in dispute was built partly at the expense of the father and partly of defendant. At that time the father was worth about $20,000 or $30,000, but in 1876 became embarrassed, and died in August of that year leaving the indebtedness for which the Orphans' Court sale was made. No deed was executed by the father to either of the sons at the time of the gift, and the other brother, R. K. Campbell, testified that the arrangement was that the father would make the deeds when they were wanted, and that witness had subsequently sold his lot and received the purchase-money his father and mother executing a deed to the purchaser. The property was assessed to the father down to 1852, and to defendant after that date. The taxes were generally paid by defendant or by the father and charged to defendant.

The following point was presented by plaintiff, which the court affirmed. Taking into consideration the whole of the evidence introduced by defendant, and the proper inference deducible from it, the defendant has failed to establish such a gift as takes his case out of the Statute of Frauds and Perjuries.

Verdict for plaintiff, and after judgment thereon defendant took this writ and alleged that the court erred in affirming the above point.

*Downey, Purman* and *Black,* for plaintiff in error.—This is not a question as to whether defendant has made out a case that would entitle him to a decree of specific performance, but whether he has shown enough to prevent the disturbance of his possession by the legal title—a possession taken under a parol gift and indisputably held for over twenty-one years. In affirming the plaintiff's point the court necessarily admitted the competency and credibility of all the testimony on behalf of the defendant.

It has been uniformly held from Syler v. Eckhart, 1 Binn. 378, to Sower's Ad'mrs. v. Weaver, 3 Norris 262, that there may be a valid parol gift of real estate from a parent to a child properly executed by possession and improvements notwithstanding the Statute of Frauds and Perjuries. See also, Aitkin v. Young, 2

[Campbell *v.* Braden.]

Jones 15; Reed *v.* Reed, Id. 117; Hugus *v.* Walker, Id. 173; Moore *v.* Small, 7 Harris 468. It may be that the courts have sought to restrain rather than enlarge the application of the rule, yet all agree that in a proper case such equitable title will prevail; and, when such a case is presented, it is just as much the duty of the court to submit the facts to the jury as it would be to withhold them when such facts are manifestly insufficient, and in this case we contend they were amply sufficient to be submitted.

*Buchanan, Wiley & Walton,* for defendant in error.—To establish a title by gift the evidence must be clear and positive not only of the gift but of the acceptance and possession taken thereunder. The evidence of defendant was not of this character. (See preceding case of Ewing *v.* Ewing, *ante,* p. 381.—Rep.)

Mr. Justice Gordon delivered the opinion of the court, January 5th 1880.

It may be conceded that the parol gift to Benjamin F. Campbell, the defendant below, by his father, Benjamin Campbell, was neither sufficiently definite in its terms, nor sufficiently executed, to vest in him a good title to the premises in dispute, but it must be remembered that, in this state, twenty-one years adverse and uninterrupted possession does much to cure infirm titles. Such possession is, indeed, without more, title of itself.

If the defendant's testimony is to be credited, he entered into the possession of the house and lot in dispute some time in the spring or early part of the summer of 1854, claiming the property under a parol gift from his father; he finished the house, partially erected for him by his father, and has since that time, without interruption, occupied and claimed the premises as absolute owner, unchallenged by the donor or any one else. Now Benjamin Campbell died in 1876, something over twenty-one years after he had put his son into the possession of this property, and that he did not interfere in any manner with his son's claim of title, and that he did not disturb his possession during all this time, is, of itself, evidence of the absolute character of his gift. But, as we have before intimated, the gift of itself is of little account, though, even as to that, there was evidence enough to have gone to the jury, except as explanatory of how the defendant went into possession, that his claim was in his own right, and not as a mere tenant at will under his father. For the real question is not so much what was intended by the donor, as what the donee's understanding was; what he claimed and did. Did he consider the gift absolute, and, under that idea, did he hold adversely to his father for the period of twenty-one years? If he did, that is a full answer to, and an end of this question of title. In that event the defendant's right is good as against any and every claimant whatever.

Judgment reversed, and a *venire facias de novo* awarded.