# W. H. MORELAND v. M. W. MORELAND.

|121   573|
|170    37|

| 121        573.
| 22 SC ³167.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 9, 1888—Decided October 1, 1888.

A defendant in ejectment relied upon evidence of a parol gift followed by adverse possession taken and maintained thereunder, the donor also upon the premises during his lifetime:

*Held*, not error to instruct in substance:

1. That, if the jury should find that the land was in the joint possession of the donor and the defendant until the death of the former, the defence failed, because less than 21 years had elapsed between the death of the donor and the time suit was brought.

2. That, per contra, if they should find there was no such joint possession, but that the defendant was in possession continuously, adversely and exclusively for more than 21 years before suit brought, he had acquired title under the statute and was therefore entitled to a verdict.

3. That the question was not so much what was intended by the donor, as what the defendant's understanding was, what he claimed and what he did; and, if the latter believed the gift absolute, and under that belief went into possession and held adversely for the statutory period, he was entitled to recover.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No 416 January Term 1888, Sup. Ct.; court below, No. 224 June Term 1883, C. P.

On May 15, 1883, William H. Moreland, Mary Moreland and Louisa Craig, brought an action of ejectment against Mary W. Moreland, Laura Moreland and four others, the widow and

children of John H. Moreland, deceased, to recover the undivided three fourths of a tract of 131 acres in Dunbar township. The plea was not guilty.

At the trial on September 29, 1886, it was shown in evidence, in the plaintiffs' case in chief, that David Moreland and Alexander Moreland were brothers, owning and residing, respectively, upon adjoining farms in Dunbar township, that of Alexander being the one in dispute. Alexander was a bachelor; David was a married man with a family of children. Alexander died of cancer on August 11, 1862, aged about seventy-five years, intestate, and leaving his brother David as his only heir at law. David Moreland died, also intestate, on January 8, 1877, leaving to survive him, as his heirs at law, John H. Moreland, William H. Moreland, Mary J. Moreland and Louisa (Moreland) Craig. The last three named were the plaintiffs. John H. Moreland died on October 24, 1881, intestate, and leaving to survive him Mary W. Moreland, widow, and Laura Moreland and others, children. The plaintiffs then showed that the widow and children of their brother, John H. Moreland, deceased, were in possession of the land in dispute, and rested.

To sustain title in themselves, the defendants, in their case in chief, showed that John H. Moreland was married in 1856, and about that time or a little before, his uncle made a parol gift of the farm in dispute to him, if he would come upon the farm, live with and take care of the donor, who was much crippled with rheumatism. John H. Moreland occupied the farm and exercised acts of ownership and control over it until he died. He occupied, with his uncle Alexander, the old house on the farm, and in 1867, five years after his uncle's death, he built a new house near by, at a cost of three or four thousand dollars. After his death his widow and children, the defendants, remained in possession until the trial. Witnesses were called who testified to declarations made by Alexander Moreland, to the effect that if his nephew, John H., would come and live with him and take care of him, he would give him the farm; also declarations of Alexander, of his brother David and of John H. himself, that the farm had been given to the latter, and the reasons for the gift. It was also shown that the new dwelling was erected

and other improvements were made by John H. Moreland with the full knowledge and without any objection or protest from his father, David Moreland, who was living upon the adjoining farm.

The court, INGHRAM, P. J., reviewed the testimony, and charged the jury in accordance with his answers to the points presented, which were as follows:

The defendants' points:

1. That actual, continued, notorious and adverse possession of real estate for a period of twenty-one years, gives title to a parol donee.

Answer: Affirmed.[1]

2. That if the jury believe from the evidence that John H. Moreland entered upon the land in dispute in 1856, under a parol gift from Alexander Moreland, and that he and the defendants claiming under him, have ever since continued in possession, holding and using and claiming the property as their own, then, more than twenty-one years having elapsed prior to the bringing of this action, they have a good title to said property by the statute of limitations, and the verdict must be for the defendants.

Answer: Affirmed.[2]

3. That if the jury believe from the evidence that Alexander Moreland made a parol gift of the land in dispute to John H. Moreland about 1856, and delivered to him possession of said property, and by his acts and declarations then and subsequently treated this property as belonging to John H. Moreland, and induced and encouraged John H. Moreland to expend his labor and means in caring for said land and in making valuable improvements thereon, then Alexander Moreland, and the plaintiffs claiming under him, are now estopped from setting up title in themselves, and the verdict must be for the defendants.

Answer: Affirmed.[3]

4. That a man is not allowed to stand by and see another expend his money and labor and make valuable improvements upon land to which he claims title, without protest, except to his own detriment; and if he has knowledge of such expenditures and improvements upon his land and makes no objection

thereto, and by his conduct encourages such improvements, he will be estopped and prevented from subsequently enforcing his title to said property.

. Answer: Affirmed.[4]

5. That if the jury believe from the evidence that David Moreland, after the death of Alexander Moreland, saw John H. Moreland making valuable and extensive improvements upon this land, believing and claiming it to be his own, and made no objection thereto, but both by word and act encouraged it, then the plaintiffs in this action, claiming under David Moreland, now deceased, are estopped by his conduct from enforcing the title derived through him against the defendants holding John H. Moreland's title, and the verdict must be for the defendants.

Answer: Affirmed.[5]

6. That in determining the character of John H. Moreland's possession of the property in dispute even during the lifetime of Alexander Moreland, from 1856 to 1862, the real question is not so much what was intended by the donor, Alexander Moreland, as what John H. Moreland's understanding was, what he claimed and did; and if the jury find from the evidence that John H. Moreland believed the gift to be absolute, and under that idea went into possession in 1856, and held adversely to Alexander Moreland and those claiming under him for the period of twenty-one years, then the plaintiffs are not entitled to recover, and the verdict must be for the defendants.

Answer: Affirmed. As the Supreme Court has said, the real question is not so much what was intended by the donor as what the donee's understanding was; what he claimed and did. Did he consider the gift absolute, and under that idea did he hold adversely for the period of twenty-one years? If he did, that is a full answer, and the end of the plaintiffs' title. In that event, the defendants' title is good as against any and every claimant whatever.[6]

The plaintiffs' points:

1. That the statute of limitations did not begin to run against the plaintiffs until their right of action was complete.

Answer: As an abstract proposition that point is correct and is affirmed, but it needs some qualification as applicable to

Charge of Court below.

the facts of this case, and we will answer it in connection with the second point, which reads as follows: [7]

2. That the plaintiff's right of action was not complete until August, 1862, after the death of Alexander Moreland.

Answer: In answer to the first proposition, we answer that the point is correct and is affirmed with the qualification that if the statute of limitations commenced to run in Alexander Moreland's lifetime, that it continued to run after his death, and the plaintiffs claiming under Alexander Moreland, would be barred by the running of the statute after 21 years, although it commenced prior to the death of Alexander Moreland; and in answer to the second point, that the plaintiffs' right of action was not complete until August, 1862, after the death of Alexander Moreland, that point is correct and is affirmed. Their right of action was not complete until that time, but the statute of limitations having commenced to run in the lifetime of Alexander Moreland, if it did commence then, would continue notwithstanding his death in 1862, and 21 years from the time it did commence to run would bar the plaintiff's right of action.[8]

3. That the beginning of the proceedings in partition was a bar to the running of the statute of limitations, and if the defendants had not had exclusive, adverse, notorious and uninterrupted possession for 21 years, previous to that date, the plaintiffs are entitled to recover.

Answer: Refused. [9]

4. That if the jury believe from the evidence that Alexander Moreland was in joint possession of the land in dispute together with John H. Moreland, then the statute of limitations did not begin to run until the death of Alexander Moreland.

Answer: Affirmed. If Alexander Moreland had any joint possession of the land in dispute with John H. Moreland, the statute of limitations would not begin to run until after the death of Alexander Moreland. John H. Moreland's possession must have been adverse to that of Alexander Moreland.

5. That the bringing of this action of ejectment on May 13, 1883, was a bar to the running of the statute of limitations, and plaintiffs are entitled to recover unless the defendants can show continuous, adverse, exclusive and notorious possession of said tract of land for 21 years, previous to May 15, 1883.

Answer: Affirmed.

6. If the jury believe from the evidence that Alexander Moreland was the owner of the tract of land in dispute and died in possession thereof, then the adverse possession of defendants against the plaintiffs would end at the death of David Moreland, who died intestate; as the defendants would then be tenants in common with the plaintiffs, their subsequent possession would not be adverse, and the plaintiffs would be entitled to recover.

Answer: Refused.[10]

The verdict of the jury was in favor of the defendants. A rule for a new trial being discharged and judgment entered on the verdict, the plaintiffs took this writ, assigning as errors:

1–6. The answers to the defendants' points. [1 to 6]

7–10. The answers to the plaintiffs' points. [7 to 10]

*Mr. Edward Campbell* (with him *Mr. James Darby* and *Mr. R. H. Lindsey*), for the plaintiffs in error:

1. It is submitted that, conceding the utmost legal effect to the entire testimony produced by the defendants, it was not sufficient to carry the case to the jury. The rule is at least as strong as in the case of a testamentary compensation for work done for a father by a son after his majority, as in Bash v. Bash, 9 Pa. 262, where it is said such a contract can be proved only by direct and positive evidence of it. The admissions or declarations of a party are the weakest and most fallible of all evidence; liable to be misunderstood, misremembered, misrepresented misstated and perverted: Collins v. Collins, 2 Gr. 120; Moore v. Small, 19 Pa. 467. Moreover, there was no delivery of possession to take the case out of the statute of frauds. However clear the evidence of the gift in words may be, the statute operates upon it unless possession was clearly taken and held under the gift, so exclusively as to show that the possession can be attributed to the gift alone. Here the owner never parted with his possession, and died in the enjoyment of his property.

2. There cannot be a valid parol sale of land between tenants in common, because there cannot be any such delivery of possession as will take the case out of the statute: Spencer's

App., 80 Pa. 317. John H. Moreland's possession never was exclusive of his uncle, and in this respect the case differs from Campbell v. Braden, 96 Pa. 388 and Ewing v. Ewing, 96 Pa. 381. In Ackerman v. Fisher, 57 Pa. 457, it is declared that it is the notoriety of a change of possession in execution of a parol contract, that more than anything else, takes a case out of the statute. And see Taylor v. Henderson, 38 Pa. 60 ; Poorman v. Kilgore, 26 Pa. 374 ; Rankin v. Simpson, 19 Pa. 471 ; Cox v. Cox, 26 Pa. 375 ; Collins v. Collins, 2 Gr. 117. The possession must be taken in pursuance of the gift and must be exclusive : Toe v. Toe, 3 Gr. 74.

3. In Moore v. Small, 19 Pa. 468, this court declares that in a case like this, " the judge is bound to view and weigh the facts for himself. . . . . Before he suffers a solemn and beneficial statute to be set aside by a jury, who have nothing to do with it, his conscience must be perfectly convinced that the facts make the case an exception to the rule." In E. & W. V. R. Co. v. Knowles, 117 Pa. 77, this court decided that in order to take a parol contract for the sale of land out of the operation of the statute of frauds, its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after it was made ; that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. It is error to submit to a jury that a possession taken in subservience to the title has become adverse, without sufficient evidence to decisive acts indicative that possession became hostile : Cadwalader v. App, 81 Pa. 194 ; Huffman v. McCrea, 56 Pa. 95 ; Olwine v. Holman, 23 Pa. 284 ; McCracken v. Roberts, 19 Pa. 390 ; Nearhoff v. Addleman, 31 Pa. 279 ; Comegys v. Carley, 3 W. 280 ; Miller v. Keene, 5 W. 348 ; Rung v. Shoneberger, 2 W. 23 ; Reno v. Moss, 120 Pa. 49 ; Hess v. Calender, 120 Pa. 138.

*Mr. A. D. Boyd*, for the defendants in error :

The defendants claim title to the land in dispute by virtue of a parol gift to John H. Moreland more than twenty-one years prior to the bringing of this suit, accompanied by deliv-

ery of possession, which was continuous, notorious and adverse. The inducement to this gift was the relationship that existed between Alexander Moreland, the donor, and John Moreland, his favorite nephew, the close social and business relations between them from the boyhood of John H., and the anticipation of the uncle that by giving the farm to his nephew he would secure not only an agreeable home and comfortable support during the balance of his life, but that considerate care and attention that his helpless condition required. The case of Graham v. Craig, 81* Pa. 459; Campbell v. Braden, 96 Pa. 388; and Ewing v. Ewing, 96, Pa. 381, sustain the court below.

OPINION, MR. JUSTICE STERRETT:

The main ground of defence and the one on which the case was finally submitted to the jury, was that John H. Moreland and the defendants, his widow and children, had continuous, adverse, exclusive, and notorious possession of the land in controversy for more than twenty-one years prior to May 15, 1883, the commencement of this suit. That controling proposition of fact, of which there was competent evidence before the jury, has been settled by the verdict in favor of the defendants, and we are thus relieved from the consideration of all other questions not necessarily involved in that specific ground of defence.

At the close of his charge, the learned judge, in accordance with the request contained in plaintiffs' fifth point, instructed the jury, "That the bringing of this action of ejectment on May 15, 1883, was a bar to the running of the statute of limitations, and plaintiffs are entitled to recover, unless defendants can show continuous, adverse, exclusive, and notorious possession of said tract of land for twenty-one years previous to May 15, 1883." He had just before instructed them, as requested in plaintiffs' fourth point, that if Alexander Moreland and John H. Moreland were in joint possession of the land in dispute, the statute of limitations did not begin to run in favor of the latter until the death of the former, which is admitted to have occurred in August, 1862. Thus the case, at the instance of plaintiffs themselves, was made to turn upon the questions of fact involved in these points. If the jury found the land was in the joint possession of both uncle and nephew until the death

of the former in August, 1862, the defence under the statute of limitations necessarily failed, because less than twenty-one years intervened between that and the impetration of the writ. On the other hand, if they found there was no such joint possession, but that the nephew, John H. Moreland, and the defendants, his children and heirs-at-law, were in possession of the land continuously, adversely, and exclusively for more than twenty-one years prior to the commencement of this suit, the defendants had acquired title under the statute, and were therefore entitled to a verdict in their favor. It must be assumed that the jury, obeying the instructions of the court above referred to, found the facts of which they are predicated.

There was no error in affirming defendants' sixth point, viz.: "That in determining the character of John H. Moreland's possession of the property in dispute, even in the lifetime of Alexander Moreland, from 1856 to 1862, the real question is not so much what was intended by the donor, Alexander Moreland, as what John H. Moreland's understanding was, what he claimed and did; and if the jury find from the evidence that John H. Moreland believed the gift to be absolute, and under that belief he went into possession in 1856, and held adversely to Alexander Moreland and those claiming under him for the period of twenty-one years, then the plaintiffs are not entitled to recover, and the verdict must be for the defendants." These and other instructions, as to the inception of John H. Moreland's claim and the character of his possession, are not in conflict with our own cases, among which are Campbell v. Braden, 96 Pa. 388, and Ewing v. Ewing, 96 Pa. 381–387. The evidence was quite sufficient to warrant the jury in finding that the inception, character, and duration of the possession were as stated in the point.

It is unnecessary to notice specially the remaining specifications. We find nothing in either of them that would warrant a reversal of the judgment.

Judgment affirmed.