# Garrett *versus* Jackson.

20 331
140 404

20 331
20 SC [2]285

20 331
22 SC [2]172.

20 331
e 26 SC [1]598

1. Where one uses a road, whenever he chooses, over the land of another, *without asking leave and without objection*, the use is adverse; and an adverse enjoyment uninterrupted for 21 years gives an indisputable title to the enjoyment.

2. Such enjoyment, without evidence as to how it began, is presumed to have been in pursuance of a grant; and the burden of showing the contrary lies on the owner of the land.

3. If the conclusion suggested by the counsel proposing a point is admitted by the Court, it is not material that the Court differed as to the foundation on which it rested.

4. In reply to a proposition stating the foundation of the presumption of a grant from the use of a way over another's land, the Court, admitting the presumption to exist, (*inter alia*) charged that the foundation of the presumption was *immaterial*. *Held* not to be ground of error.

5. When the Court is asked to say that there is evidence of a particular fact, such evidence ought to be indicated. It is not error in the Court to refer such a question to the jury.

6. A party may entitle himself to the opinion of the Court as to the legal effect of any portion of the evidence; but the evidence must be specified in the prayer for instruction.

ERROR to the Common Pleas of *Delaware county*.

This was an action on the case for an obstruction of a way, brought by Esther Jackson *v.* William Garrett. It was brought to determine the right of way across land of defendant to a public road.

The case was tried before HAINES, J. He stated the case, generally, as follows:—

[Garrett *v.* Jackson.]

"Benjamin Lobb, who died about the year 1770, devised the land through which the contested road passes, to his son Isaac Lobb, who held it till his death, which happened about the year 1803. Isaac Lobb, the elder, devised the same tract to his son Isaac Lobb, the younger, who held it till his death, which happened in 1843; and the plaintiff holds a life estate in the same land, and is now in possession. Thus we have a title in the plaintiff, derived from former owners as far back as the year 1770.

"On the other hand it is admitted that Thomas Garrett, the grandfather of the defendant, purchased the land through which the contested portion of this road passes so early as the year 1773. He owned it until his death, which happened in the year 1839, when the defendant became the owner of it, in common with his brothers and sisters; and in 1844, he obtained from them a deed for their shares, and became the lawful owner of the whole tract. Thus a title in the defendant is traced from the year 1773, through former owners down to the present occupier."

"It appears that Thomas Garrett, as early as 1795, owned two tracts of land, one whereof was situated above, or north of the Lobb tract, and the other below, or south of the same, both of them adjoining the premises of Isaac Lobb, and his tract lying directly between them. The private road, a part of which is now in dispute, ran through the three tracts, from a public road, skirting the southern border of the lower Garrett tract, to a public road skirting the northern side of the upper Garrett tract. The plaintiff, being in the possession of the Lobb premises, claims the right of using that part of this private road which runs through the upper Garrett tract, and it is this supposed right which is now interrupted.

"The private way here spoken of has been used for a period beyond the memory of the oldest witness, and is remembered so long back as 1795 as being used indiscriminately by the families of Thomas Garrett and Isaac Lobb, whenever either of them had occasion, and in whatever manner their conveniences required. Two alterations at different times have been made in the location of the road: one in the year 1800, at the upper termination of the road, on the land held by Thomas Garrett; and one about 1807, at the crossing of the line between Thomas Garrett and Isaac Lobb, a part of which change was on the ground of each of the owners of the premises, and could not therefore have been made without the consent of both. With these exceptions, the road has maintained its position from the earliest recollection thereof to the present moment."

On the trial several points were submitted on the part of the defendant: the third and fourth and fifth were as follows:

3. The foundation of the presumption of a grant arising from the use of a way over another's land, is the difficulty of accounting

[Garrett v. Jackson.]

otherwise for a long-continued use, injurious to the interest of the owner and adverse to his will, and any evidence therefore which sufficiently accounts for the use in any other way rebuts and defeats the presumption.

4. In this case there is evidence that the way in question passed not only over lands of Thomas Garrett, but extended to and. over those of Isaac Lobb; also, that its origin had reference to the convenience of Thomas Garrett only, and not to that of Isaac Lobb, and that it was used by Isaac Lobb by the. consent of Thomas Garrett, and by both parties for their mutual accommodation, which evidence is explanatory of the enjoyment, weakens the presumption of a grant, and tends to repel and defeat it.

5. There is evidence for the consideration of the jury that the use of the way by Isaac Lobb was with the consent and by the leave of Thomas Garrett; and, if the jury believe that evidence, it explains the nature of the use, divests it of any claim to an adverse character, and the plaintiff is not entitled to recover.

HAINES, President J., charged the jury, inter alia, as follows: "The law applicable to this case appears to be well settled, viz., 'that an uninterrupted enjoyment of a right of way, over the land of another, for the space of twenty years and upwards, unanswered and unexplained, affords presumptive evidence of title.' This presumption may be repelled by evidence which accounts for the possession or user, without resorting to a title by grant or otherwise; but, in the absence of such evidence, tending to show that the long-continued use of the way may be referred to a license or other special indulgence that is either revocable or terminable, the conclusion is, that it has grown out of a grant by the owner of the land, and has been exercised under a title thus derived."

To the third point, he answered: "It is immaterial what is the foundation of the presumption of a grant arising from the use of a way over another's land; it is enough, in the present instance, to know that satisfactory evidence which accounts for the use, otherwise than under a claim or assertion of right, rebuts and defeats the presumption."

To the fourth, he answered: "There is evidence in this case, that the way in question passed not only over lands of Thomas Garrett, but extended to and over those of Isaac Lobb also; but I do not recollect any evidence that its origin had reference to the convenience of Thomas Garrett only and not to that of Isaac Lobb and those under whom he claimed. The jury will say, from the whole case, what was the origin of this road, and to whose convenience it had reference. They will also say whether the evidence is satisfactory or otherwise, that Isaac Lobb used the road in question by the consent of Thomas Garrett. If they shall come to the conclusion that such was the fact, then it will explain

[Garrett *v.* Jackson.]

the nature of the enjoyment, and will weaken the presumption of a grant and tend to repel and defeat it."

He further charged: ["If the enjoyment is shown to have originated in mistake, or by favor or license; or if it was commenced and continued in any manner which does not indicate an assertion of right, the enjoyment is not adverse, and the presumption is not created. But the enjoyment, without interruption, for more than 21 years, as in this case, is evidence of a character so strong of the existence of a right, that it leads to the legal conclusion of an adverse enjoyment, and the jury should not suffer themselves to infer mistake, favor, or license, upon small and trifling circumstances. Still the jury should not forget that either of these, *satisfactorily shown*, is sufficient to repel the presumption of a grant,"] &c.

June 1, 1852, verdict for plaintiff.

It was assigned for error: 1 and 2, that the Court erred in not sufficiently answering the defendant's *third* point, and in the answer to it.

3. In the answer as quoted to the third point, and to the portion of the charge in brackets.

4. In saying in answer to the fourth point, "They (the jury) will also say whether the evidence is satisfactory, or otherwise, that Isaac Lobb used the road in question by the consent of Thomas Garrett.

*E. Darlington* and *Lewis*, for plaintiff in error.—The plaintiff claimed on the ground of presumption of a grant arising from use, and the plaintiff's counsel asked for instruction as to what was the legal foundation of the claim; but the instruction was, that it was *immaterial*. It was error to evade the proposition: 2 *Ser. & R.* 44.

The third point was a fair statement of the law applicable to the case: Ricard *v.* Williams, 7 *Wheaton* 59; Doe *v.* Holden, 2 *Barn. & Ald.* 788; but the Court, as before observed, considered the foundation of the presumption immaterial. It was alleged to be material, as a knowledge of the principle to which a rule owes its existence is important, in order to the proper application of the rule.

3d specification. The Court informed the jury that they did not recollect any evidence that the origin of the way had reference to the convenience of Thomas Garrett. It was observed in reply, that evidence was given, which tended to show that the origin of the way had reference to the convenience of Isaac Lobb only. It was alleged that the object was not to obtain the opinion of the Court as to the weight of evidence, but to the fact that evidence

existed, and it was the duty of the Court to notice its existence, and inform the jury.

In relation to the remark by the Court, that " enjoyment without interruption for 21 years is evidence of a character so strong of the existence of a right, that it leads to the legal conclusion of an adverse enjoyment," it was observed that adverse enjoyment was the fact to be proved, on which to base the presumption, and that it was not to be inferred from uninterrupted enjoyment, as the latter may be by license, and the continuance of it for any period is not evidence of its adverse character. If a user commences by license, it is to be considered as continuing by license till the contrary is shown. It must appear that the license has been determined, or that there has been a disclaimer of the user being under license, before the adverse interest could originate.

*W. Darlington* and *Broomal*, for defendants in error.—It was observed that, prior to 1799, or thereabouts, the way had not been used by Thomas Garrett only. Also, that evidence had been given that Garrett repeatedly acknowledged the right of Isaac Lobb to the way in question.

The Court did not err in saying that it was immaterial what was the foundation of the presumption arising from use. In the point, one foundation of the presumption from use was stated; but Justice STORY, in Ricard *v.* Williams, gives another, viz., the infirmity of human nature, the difficulty of preserving muniments of title, and public policy. See also opinion of ABBOTT, C. J., in the case of Doe *v.* Holden, cited.

The opinion of the Court was delivered, March 21, by

BLACK, C. J.—This was an action for disturbing the plaintiff's right of way over the defendant's land. Whether any such right existed was the only question. There was some evidence of an old grant, and of enjoyment for upwards of half a century. The defendant's counsel seemed to think, that the use of the road had not been adverse ; but the facts were submitted to the jury, and found, very properly as we think, in favor of the plaintiff.

A passage by one man over the land of another, with the special permission of the owner on every occasion of its use, will not raise the presumption of a grant, no matter how often it may occur, nor how long continued. So a license to use the road for a certain defined period, and the enjoyment of it under such license, will give no right after the expiration of the time. But where one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed. Such enjoyment, without evidence to explain how it began, is presumed to have been in pursuance of a full and

[Garrett *v.* Jackson.]

unqualified grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract inconsistent with a claim of right by the other party.

Take the charge as a whole, and there is nothing in it which contravenes these principles. It might have been more strongly in favor of the plaintiff than it was, and still be free from all just exception.

The Court was requested to charge the jury, that " the foundation of the presumption of a grant arising from the use of a way over another's land, is the difficulty of accounting otherwise for a long-continued use injurious to the interest of the owner and adverse to his will, and any evidence, *therefore*, which sufficiently accounts for the use in any other way, rebuts and defeats the presumption." To this the Court answered, "it is immaterial what is the foundation of the presumption; it is enough to know that satisfactory evidence which accounts for the use otherwise than under a claim or assertion of right rebuts and defeats the presumption." It is alleged that this is no answer. The slightest examination will show that more could not fairly have been expected. The foundation of the presumption *was* immaterial. Courts are bound to furnish juries with the rules of law, but not with the history of their origin or the reasons on which they rest. This point is not (what it ought to be) a simple *proposition, but* an argument. It lays down certain premises from which a conclusion is drawn. The Court said that the conclusion was right, and the premises immaterial. If the inference of the counsel was granted to be true, what difference did it make whether or not the Court agreed with him in the steps by which he reached it? Besides; if the reasons of the law for permitting such presumptions to be raised had been important, they were sufficiently explained in other parts of the charge.

When the Court is asked to say that there is evidence of a particular fact, such evidence ought to be distinctly indicated. To say that evidence exists on a certain subject, is not making a point of law, which the Court is bound to respond to. It is no error to refer such a question to the jury. It properly belongs to them to recollect whether there is any evidence on the subject, and to determine if it be satisfactory. A party may entitle himself to the opinion of the Court on the legal effect of any portion of the evidence, but not without specifically referring to it in his prayer for instructions.

Judgment affirmed.