Rokeach et al., Appellants, *v.* Imperial Metal
Polish Co.

Argued November 26, 1928.    Before MOSCHZISKER,
C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*H. H. Krekstein,* of *Cohen, Schweidel & Krekstein,*
for appellants.

*Lemuel B. Schofield,* of *Levinthal, Schofield & Kraus,*
and *Joseph S. Kleinbard,* for appellees.

PER CURIAM, January 7, 1929:
This was a bill in equity in the court below praying
for an injunction to restrain defendants "from packing
or selling oil or honey in cans [bearing labels] which
imitate, in color, design, shape and appearance, those of
appellants."    Defendants answer denied the averments
of the bill which allege imitation of labels.    The court,

after hearing on bill, answer and replication, enjoined the use of the complained of labels on honey cans but refused to enjoin the use of those attached to oil cans, and entered a decree accordingly. Plaintiffs appealed.

The only question here involved concerns the labels used on oil cans. The chancellor found that both complainants and defendants are engaged in the business of packing and selling honey and salad oil for domestic use, that the cans used by defendants and complainants are of standard size and shape used by manufacturers and vendors of such articles generally in that trade, that "the preponderance of black on the [label of] complainants' oil cans easily distinguishes it from the containers used by defendants, in which yellow predominates," that "the printing on the sides of the oil cans in the case of [complainants'] cans runs horizontally, in the case of [defendants'] cans vertically, making them readily distinguishable," and that the names of plaintiffs and defendants appear frequently and prominently on their respective cans. The chancellor further found specifically, that no imitation or attempt to imitate was indicated by the testimony, nor was there shown to be intent on the part of defendants to deceive, confuse or mislead the public, and in fact the public was not deceived thereby. Facts found by the court below, from evidence received involving credibility of witnesses and weight of testimony, have the force of the verdict of a jury, and will not be disturbed where there is testimony to support them: McIlvaine v. Powers, 270 Pa. 341, and cases there cited. The findings of facts here are amply supported by competent evidence of both witnesses and exhibits, and justify dismissal of the bill as far as it relates to labels on oil cans.

The decree is affirmed, costs to be paid by appellant.