Laura Fister, Appellant, *v.* Thomas Reitz.

Argued December 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-HAM, BALDRIGE and STADTFELD, JJ.

*Oliver W. Frey,* and with him *George M. Lutz,* for appellant.

*Orrin E. Boyle,* for appellee.

OPINION BY KELLER, J., March 5, 1932:

Plaintiff is the owner of a farm of 87 acres in Lynn Township, Lehigh County. It borders, in part, on the Lynnport-New Tripoli Road. Defendant is the owner of a lot fronting on said road, 80 feet by 160 feet in depth, which was carved out of plaintiff's farm by a prior owner. A dwelling and outbuildings, are erected on defendant's lot.

A twelve foot wide lane ran along the east boundary of defendant's lot leading from the Lynnport-New Tripoli Road to the farm house and buildings on plaintiff's farm, which until very recently was the only means of access to said buildings.

On August 16, 1929 the plaintiff caused a post and wire fence to be built across the lane shutting off access from the road to the lane, and at the same time extended it along the east side of defendant's lot so as completely to shut off access from the lot to the lane.

The defendant, claiming a right of way over the lane by prescription, tore down sufficient fence to give him access to the lane from the road and from the lane to his land.

This action in trespass followed. From the judgment entered on a verdict for the defendant the plaintiff has appealed. She assigns for error (1) the refusal of the court below to affirm her point for binding instructions, although no exception was taken to the charge, or refusal of the point; (2) the refusal of the court to enter judgment in her favor non obstante veredicto; and (3) the refusal to grant a new trial. The real question at issue is the sufficiency of the evidence to support the verdict.

We agree with the court below that there was evidence which warranted the finding that the defendant and his predecessors in title, their tenants and occupants of the property now owned by the defendant, for over thirty years prior to August 16, 1929 used

this lane as a means of access, by foot and conveyance, to the side and rear of their property, whenever they saw fit, without asking leave and without objection on the part of the plaintiff and her predecessors in title; and that such use was open, notorious and under a claim of right, in that no permission was asked of or received from the plaintiff and her predecessors in title. . For longer than thirty years there had been a picket fence along the east side of defendant's lot, and a gate opened from the lot into the lane, which was used by the occupant owners and tenants of the defendant's premises and those coming to see them on business or pleasure, whenever they saw fit, and was notice to the owners of the servient tenement of such use and of the claim of a right of way over the lane. The lower court's ruling was in harmony with the law as laid down in Garrett v. Jackson, 20 Pa. 331; Aldine Realty Co. v. Manor Real Est. Co., 297 Pa. 583, 588; Okeson v. Patterson, 29 Pa. 22; Pierce v. Cloud, 42 Pa. 102; Carter v. Tinicum Fishing Co., 77 Pa. 310, 316; Messinger's App., 109 Pa. 285, 290; Hudson v. Watson, 11 Pa. Superior Ct. 266, 270; Russel v. Woodbury, 53 Pa. Superior Ct. 618; Godino v. Kane, 26 Pa. Superior Ct. 596, 597; which hold that "where one uses an easement whenever he sees fit without asking leave or without objection, the use is adverse; and an adverse enjoyment for twenty-one years gives an indisputable title to the enjoyment."

The fact that plaintiff's husband complained of the defendant piling wood in the lane is favorable to the defendant rather than otherwise, for he did not question the latter's right to use the lane as a way, and, of course, a right of way carries with it no right to use it for any other purpose except passage over it.

The adverse character of the use of the lane by the defendant and his predecessors in title was established by the plaintiff herself who was familiar with the lane and its use for many years during the time her

father, from whom she derived title, owned it. She herself negatived any permissive use of the lane by defendant and his predecessors in title when she testified as follows: "Q. Who used it [the lane] from the public street ...... to your house? A. We ourselves, and the people who came to see us. Q. Did anybody else use it? A. Nobody else was privileged to" (pp. 18-a, 19-a). With this testimony of the plaintiff in the record it is futile to argue that the use of the lane by defendant and his predecessors in occupancy of his lot, was permissive in character.

The assignments of error are overruled and the judgment is affirmed.