## Deeb *v.* Ferris et al., Appellants.

Argued May 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Stuart A. Culbertson,* with him *J. Perry Eckels,* for appellant.

*F. Joseph Thomas,* for appellee.

OPINION BY BALDRIGE, J., September 30, 1942:

The plaintiff and defendants are adjoining property owners. Plaintiff filed a bill in equity to compel defendants to reconnect a sewer pipe which defendants had severed and to recover damages. The case was before us on a previous appeal where the facts are fully set forth. See *Deeb v. Ferris et al.,* 127 Pa. Superior Ct. 489, 193 A. 75. We reversed the court below in granting plaintiff relief prayed for including an award of $500 for liquidated damages, remitted the record "for a definite finding not only whether there was an open, notorious, and continuous use of this sewer by plaintiff and his predecessors in title, but whether it was adverse" and directed that any damages awarded the plaintiff be confined to an amount necessary to connect the sewer and to loss of rent.

When the case came on for a rehearing the attorneys on both sides agreed that no additional testimony should be taken and that the court should proceed in its determination of the issues upon the evidence introduced at the former trial. The chancellor's revised ninth and twelfth findings set forth that the connection of the drain or sewer pipes was made during the early part of 1909 without the permission of the then property owners and remained in that condition until January 10, 1933, and that the use of the drain or sewer by the plaintiff and his predecessors in title of the property from 1909 for over twenty-one years was open, no-

torious, continuous, adverse, and without objection. A decree was accordingly entered directing the defendants to connect the sewer and the plaintiff was awarded damages in the sum of $150.

The defendants in their present appeal to this court claim that the evidence is insufficient to establish: (1) an adverse use of the sewer; and (2) to support the chancellor's award for damages in the amount of $150.

The plaintiff relied principally on the testimony of Peter Mitchell a tenant who occupied in 1909 the upper story of the premises now owned by the plaintiff to show when the use of this sewer began. This witness stated that he saw the plaintiff's plumber in 1909 make the connection with the defendants' predecessors' sewer in the latter's cellar. On cross-examination he made some vague reference to an "arrangement" with one of the owners of the adjoining property but the terms were not mentioned and any allusion to an agreement was so indefinite that it could not be regarded as evidence of a permissive use.

Owing to the very nature of an easement by prescription it is not always possible for a party asserting such a right to produce definite proof of the circumstances under which a user commenced. This easement involved the cutting of the party wall and connecting the pipes that were visible in defendants' cellar. The situation would be quite different if the pipes had been underground or were concealed in walls of a building. It is well settled that where one uses an easement which is apparent whenever he sees fit without leave or license and without objection, the burden is on the owners to show that the easement is used under permission or contract not consistent with an adverse use; *Garrett v. Jackson,* 20 Pa. 331; *Pierce v. Cloud,* 42 Pa. 102; *Fister v. Reitz,* 103 Pa. Superior Ct. 601, and cases cited page 604, 159 A. 83. The testimony was conflicting but the plaintiff's proof of a continuous, notorious, adverse use of the sewer from 1909 to 1933 was in our

judgment sufficient to support the chancellor's findings.

That brings us to a consideration of appellants' second position. James Mulligan, the plumber who cut the plaintiff's connection at defendants' request in 1933, testified that it would cost about $100 to connect plaintiff's drain directly with the city's sewer. The plaintiff's testimony respecting his loss of rent was somewhat vague. He did state that he could have rented the upstairs apartment for $18 or $20 per month if the sewer connection had not been cut. We do not feel warranted, after a consideration of all the testimony, in holding that the sum of $150 was improperly awarded.

Judgment and order of the court below is affirmed.