## Cohn et al., Trustees, v. Williams et ux.

*Robert Madore,* for complainants.

*Richard C. Snyder,* for respondents.

WRIGHT, P. J., August 22, 1947.—This is an action to restrain defendants from interfering with a private sewer line extending from a building on plaintiffs' premises under land of defendants.

### Pleadings and issue raised thereby

Plaintiffs filed a bill of complaint on which a preliminary injunction was granted and subsequently continued until final determination of the case. Defendants filed an answer and testimony was taken. Requests for findings of fact and conclusions of law were submitted and argument heard thereon. The

issue raised by the pleadings is: Do plaintiffs possess an easement by prescription in and to a private sewer line under defendants' land?

### Findings of fact

1. On September 30, 1944, plaintiffs purchased certain premises fronting 30 feet on the north side of West Pitt Street in Bedford Borough and known as 110 West Pitt Street.

2. On July 9, 1943, defendants had purchased the premises immediately east of 110 West Pitt Street fronting approximately 40 feet on West Pitt Street in Bedford Borough.

3. There is a private alleyway between the two properties for the joint use of plaintiffs and defendants.

4. A sewer line existed underground for a period of more than 21 years leading from the east side of plaintiffs' premises across the aforementioned private alley and thence connecting with a drain on defendants' land.

5. The existence of such sewer line was not authorized by any written document, nor is there any evidence in the chain of title to defendants' land of the burden of any easement, restriction or servitude thereupon.

6. This sewer line was not an apparent easement.

7. The said sewer line was constructed because of the relationship between John O. Smith, a prior owner of defendants' premises, and his brother, David O. Smith, a prior owner of plaintiffs' land.

8. Defendants had no notice of such alleged easement until the summer of 1946 when, in excavating for the cellar of a new building, they dug up the sewer line in question.

9. Plaintiffs have failed to show that the use of said sewer line by themselves and their predecessors in title was adverse.

10. Plaintiffs have failed to establish an easement upon defendants' land for their benefit.

## Discussion

In determining whether or not plaintiffs possess an easement by prescription, a preliminary inquiry necessarily is whether the sewer line in question was in continuous use for 21 years. Although the testimony of Elsie Smith, plaintiffs' only witness on this question, is vigorously attacked by defendants' counsel, we are satisfied, and have so found as a fact, that such line actually did exist for considerably more than the required period. Miss Smith's testimony, however, definitely fails to establish that the user began adversely. On the other hand, defendants have produced no evidence that the original user was permissive.

We come therefore to the fundamental problem in the case: What is the effect of the discovery on A's land of an underground sewer line of which there was no notice but which has been in continuous use by B and his predecessors in title for over 21 years *without evidence to explain how this use began?* Title by prescription has its foundation in the presumption of a grant arising from long continued use. In order to give such title the right must not only have been enjoyed continuously for 21 years, but the enjoyment must have been adverse to the rights of the owner of the land: Shinn v. Rosenberger, 347 Pa. 504. In the situation proposed, must A, the owner of the servient tenement, prove that the use was permissive, or does B, the owner of the dominant tenement, have the burden to show that the use was adverse? Our conclusion is that B has the burden of proof because the alleged easement was not apparent.

To the best of our knowledge, the effect upon the burden of proof of the distinction between alleged easements which are apparent and those which are non-apparent has not been the subject of previous judicial

declaration. The distinction itself is but an affirmance of the time-honored requirement that adverse user must be open and notorious. See A. L. I. Restatement of the Law of Property, §458. If the alleged easement was a right-of-way over the land, something apparent on the surface, the burden of proof would clearly fall upon the owner of the servient tenement (defendants in our case). Relying upon the opinion of Chief Justice Jeremiah Sullivan Black, a former president judge of this court, in Garrett v. Jackson, 20 Pa. 331, the Supreme Court has ruled that continuous enjoyment of an alleged easement for 21 years without evidence to explain how it began is presumed to be in pursuance of a full and unqualified grant; and that in such case the owner of the servient tenement has the burden of proving that the use was not adverse but under license: Mather-Klock, Inc., v. Plymire et al., 349 Pa. 194.

In support of his contention that the same rule should apply in the case of an underground sewer line, plaintiffs' counsel argues that old rights become obscure through lapse of time, and that protection must be given to one in an established position. On the other hand, however, secret encumbrances and servitudes should not be encouraged by the law. If adjoining property owners agree that one may use the land of the other in a nonapparent manner, courts should not hesitate to require that such agreements be reduced to writing and recorded, or that some notice thereof be given to subsequent owners of the servient tenement.

The only appellate court case we have found which concerns an underground sewer line is Deeb v. Ferris et al., 150 Pa. Superior Ct. 274. In that case plaintiff's sewer pipe ran through a party wall into defendant's cellar and connected with defendant's sewer pipe in an open and obvious manner. Affirming the grant of relief to plaintiff, Judge Baldrige in stating the rule of Garrett v. Jackson, supra, expressly qualifies the word

"easement" with the words "which is apparent". In the preceding sentence he states "The situation would be quite different if the pipes had been underground or were concealed in walls of a building". Adapting this language to the situation in our case, since the sewer line in question was not an apparent easement, we find that no presumption arises that its use was adverse. The burden of proof of adverse user therefore falls upon the owner of the dominant tenement. As plaintiffs have not sustained this burden, their case must necessarily fall.

Two other questions should be mentioned although determination thereof is unnecessary: (1) Does Miss Smith's testimony actually establish that the inception of the use was permissive? See Bennett v. Biddle, 140 Pa. 396. A user which commences permissively is presumed to continue as such: Pribek et al. v. McGahan et ux., 314 Pa. 529, 535. (2) Although our conclusion is that defendants had a right to disconnected the sewer line, such right could not be properly exercised without reasonable warning so that plaintiffs might protect their property: McGurk v. Piecuch, 32 D. & C. 274, 280. There is no claim for damages in this connection.

### Conclusions of law

1. One claiming an easement over the land of another must not only show continuous use thereof for 21 years but must also show that such use was adverse.

2. Where the alleged easement is apparent, continuous enjoyment thereof for 21 years without evidence to explain how the user began raises a presumption that the use was adverse.

3. Continuous enjoyment of an alleged easement for 21 years does not raise a presumption that the user was adverse where the alleged easement is non-apparent.

4. Plaintiffs in this case have failed to prove that the use of the alleged easement was adverse.

5. Plaintiffs have failed to establish an easement upon defendants' land for their benefit.

6. The injunction must be dissolved and the bill dismissed at the cost of plaintiffs.

### Decree nisi

Now, August 22, 1947, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the injunction be dissolved and the bill dismissed at the cost of the plaintiffs. Unless exceptions are filed within 10 days after notice of the entry thereof, this decree nisi shall be entered as the final decree.

NOTE.—No exceptions having been filed within the prescribed period, the foregoing decree nisi became the final decree.