Elias *v.* Scott et ux., Appellants.

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Basil C. Clare,* with him *Edward D. McLaughlin,* for appellants.

*Robert W. Beatty,* with him *Ernest L. Green, Jr., Robert B. Greer,* and *Butler, Beatty, Greer & Johnson,* for appellee.

OPINION BY HIRT, J., March 15, 1949:

In this equity proceeding the court sustained plaintiff's claim to an easement of right of way, in part over land of the defendants. By the final decree the defendants were ordered to remove five steel posts which they had driven into the ground along the west line of their lot, and they were permanently enjoined from placing any other obstructions within the limits of the area of the walk-way or otherwise interfering with plaintiff's use of it. The decree will be affirmed.

The evidence supports findings of the chancellor affirmed by the court en banc, to this effect: Plaintiff by deed dated May 19, 1925, became the owner of a lot in the City of Media, 35 feet wide, fronting on the south line of Baltimore Avenue and extending southwardly 140 feet to the north line of Franklin Street. He immediately went into possession of the premises. On the above date there was, and still is, a low brick wall running along plaintiff's land but wholly on the lot adjoin-

ing it on the east. Upon the wall there was a board fence throughout its entire length at the time of purchase of the land by plaintiff. The west line of the brick wall at Franklin Street is 8⅜ inches east of the east line of plaintiff's land as located by his deed; at the north end the brick wall is ¼ inch east of that line. Thus, the premises occupied by plaintiff, with the area extending to the brick wall, encroaches to the extent above indicated on the lot adjoining plaintiff on the east. In 1925 shortly after buying the lot, plaintiff built additions to the brick building then on the premises which fronted on Baltimore Avenue, adapting it to his use as a furniture shop. He also built cement block garages in the rear of the brick building, opening on the north line of Franklin Street. The passageway between the east wall of the garage building and the brick wall above referred to, at Franklin Street is 3 feet 8⅜ inches wide. Twenty feet north of that point the space between the garage and the brick wall is 3 feet 2⅜ inches. Plaintiff also constructed a cement pavement, supplementing a few feet of brick paving already in place, over the entire area between the brick wall and the east wall of the garage building. The rear of the lot had been used as a garden prior to plaintiff's purchase of it. But at the northeast corner there then was an iron gate in the fence at Franklin Street providing the means of access to the property from the rear. After improving the land as above indicated, plaintiff substituted a wooden gate for the existing metal gate and installed an ornamental wooden arch over the entrance to the rear of the property which extended entirely across the opening from the garage to the brick wall. In the conduct of plaintiff's business the strip of land between the garage and the brick wall was used by him and his employees as a passageway for moving furniture and other material into and out of plaintiff's shop. For these purposes it was necessary for plaintiff to make use of the area to its full

width including that part of it which encroached on the land east of his lot. There is no serious dispute as to these facts and there is ample support for the further finding that from the time the passageway came into existence, when plaintiff built the garages, his use of it for the above purposes was open, notorious, adverse and continuous. Plaintiff however did not assert title to the narrow strip of land involved, of 8 inches more or less. His claim was limited to an easement of way appurtenant to his land as the dominant tenement.

The defendants, in October 1943, bought the lot adjoining plaintiff's land on the east, extending from Baltimore Avenue southwardly to Franklin Street. At that time the archway and gate at Franklin Street indicated the entrance to the walk-way and its use as such was sufficient to put defendants on notice as to its extent on the ground. The defendants however did not question plaintiff's right to use a part of their land for that purpose until some time in May 1947 when they began to erect a fence along the party line dividing the two lots as called for by their deeds. On September 13, 1947, defendants, again without consent of plaintiff, tore down and removed the wooden archway at Franklin Street and on the following day they drove five steel posts in the passageway 8 inches, more or less, west of the brick wall. These facts too are conceded. Thereupon plaintiff secured a preliminary injunction restraining defendants from further obstructing the passageway. And by the final decree the injunction was made permanent as above indicated.

Defendants argue that, conceding the character of plaintiff's use of the passageway, no easement was acquired because the period of use falls short of full twenty-one years. They contend that the plaintiff did not build his garages in the rear of his lot, and his use of the area as a passageway therefore did not begin, until September 1926 at the earliest; and that the period of

his use until he was excluded by the partial fence which defendants started to erect in May 1947, fell short of 21 years by three or four months. As to plaintiff's use of the way, the court en banc affirmed this finding of the chancellor: "Since Plaintiff took title to and possession of his said property in 1925 as aforesaid, he has made continuous, visible, notorious, distinct and adverse use of the entire and full width of the said alley-way, [the passageway in question, between the garage and the brick wall] or for a period of over 22 years." The conclusion of the court of a resulting easement of right of way in plaintiff's favor rests upon the above finding, supplemented by a further finding that plaintiff's use began on or about May 19, 1925.

Of course, adverse possession necessary to establish either title to land or an easement thereon must be for the full period of twenty-one years. *Hibberd et al. v. Greenstein*, 263 Pa. 527, 107 A. 28. There is competent testimony, produced by defendants, to the effect that plaintiff did not start the construction of his garages, and his use of the walk-way did not begin, until the fall of 1926. On behalf of plaintiff however there was abundant testimony, including that of the building contractor who did the work, that the garages were erected and plaintiff's use of the passageway began in May 1925. And the court adopted the plaintiff's testimony as true, in its findings of fact, as against that of the defendants and their witnesses. The testimony in this case was conflicting but plaintiff's proofs of a continuous, notorious and adverse use of the land in question for the full period of twenty-one years were sufficient to support the chancellor's findings. Since the findings are sustained by adequate, competent evidence, and were affirmed by the court en banc, they have the same weight as a verdict of a jury and are binding on appeal. *Lochinger v. Hanlon*, 348 Pa. 29, 33 A. 2d 1; *Garan et al. v. Bender et vir*, 357 Pa. 487, 55 A. 2d 353. In *Deeb v.*

*Ferris et al.,* 150 Pa. Superior Ct. 274, 28 A. 2d 355, we said : "It is well settled that where one uses an easement which is apparent whenever he sees fit without leave or license and without objection, the burden is on the owners to show that the easement is used under permission or contract not consistent with an adverse use". There is no suggestion in the present case that plaintiff's use of defendants' land was permissive or other than adverse in any respect.

In a minor respect the decree is too broad. The defendant had torn down a part of the brick wall ; it was wholly on their land and there was no legal obligation on them to restore it. The decree must be modified by deleting that part of the order directing defendants to rebuild the portion of the wall which they had demolished.

As modified, the decree is affirmed at defendants' costs.