## Miller *versus* Hartle.

1. A father bought and paid for a tract of land which was conveyed to himself, declaring that he intended it for his son. The deed was found in the son's possession. *Held*, no evidence of title in the son.

2. There was no evidence that the son was induced to take possession of the land as a gift, or that he held exclusive possession or made improvements. *Held*, that declarations by the father, not made to the son, of what he meant to do for him, were not evidence of a present gift and were inadmissible.

3. The clearest evidence of a present gift accompanied by exclusive possession, and valuable improvements not to be compensated in damages, is necessary to establish a valid parol gift between father and son.

4. It is for the court to say whether the evidence is sufficient to raise an equity, and for the jury to say whether it be true.

ERROR to the Court of Common Pleas of *Franklin county*.

This was an action of ejectment, commenced July 23d 1864, by Mary C. Miller against John H. Hartle, for a tract of 48 acres of land in Franklin county. The plaintiff was the widow of Henry Miller the younger, who died May 22d 1862. After his death, about September 1st, a child was born of his widow, and died about August 1st 1863. The land in dispute was conveyed on the 24th of March 1862, by Michael Zellers to "Henry Miller,"

[Miller *v.* Hartle.]

which was the name of the deceased and also of his father. The negotiation for the land was made by the father, and the purchase-money ($5500) paid by him. Zellers testified that all the negotiation for the purchase was made by the father, and that "he made the deed to Henry Miller the father," and left the deed with the justice, before whom it was acknowledged, to be delivered to the father. The son went into possession of the land about April 1st, and lived on it till his death. There was evidence that the father said he had bought the land for his son; that he had settled other land on one of his daughters as her share; that the balance of his estate would equalize his other children; that after his son's death, with the father's consent, the proceeds of the tract went to the plaintiff. There was evidence also that the deed was in possession of the son, and that the father got it from the widow after the son's death to have it recorded. There was other evidence of declarations of the father as to the land being for the son. The widow claimed a life estate in the whole as survivor of her child. After the son's death, the father sold the land to the defendant, who bought with notice of the plaintiff's claim.

On the trial, before King, P. J., the defendant, against objections, was permitted to prove conversations with the father whilst he was controlling the property (made in the absence of the son), as to its ownership—how he intended to arrange his affairs, &c.: and to give in evidence the value of the father's estate, as bearing upon the question of advancement. The court also rejected evidence on the part of the plaintiff of declarations by the son whilst in possession of the land.

The plaintiff's 2d point was: "If the jury believe that old Henry Miller bought the land for his son Henry, and gave it to him as an advancement of his portion of his estate, and this arrangement was consummated by delivering the deed to him, the names being the same, then the gift was executed and irrevocable, and the father could not set it aside after his son's death by lifting the deed and selling the property to the defendant, and the plaintiff is entitled to recover." The judge answered: "In order to warrant the instruction asked for in this point, you must find that the deed was made to the son. The proposition would then be correct."

The judge also charged: "All the evidence to which we have turned your attention may be considered by you, in determining the question of fact, whether the deed from Michael Zellers to Henry Miller was made to the father or to the son. If you find that the deed was made to the son, the plaintiff is entitled to your verdict; but if it was made to the father, even if you should find he handed it over to the son, the verdict must be for the defendant. The mere passing of the deed to the son, which was made

[Miller *v.* Hartle.]

and executed to the father, would not transfer the title, and the fact that their names were identical gives it no more force than if the son had been named Tom or Dick, instead of Harry."

The verdict was for the defendant. The ruling as to evidence, and the above-stated portions of the charge, were assigned for error.

*W. Reilly* and *J. McD. Sharpe,* for plaintiff in error, cited Moore *v.* Pearson, 6 W. & S. 55; United States *v.* Mertz, 2 Watts 406; Riddle *v.* Dixon, 2 Barr 375; Gibblehouse *v.* Strong, 3 Rawle 437; Ivat *v.* Finch, 1 Taunt. 141; Walker *v.* Broadstock, 1 Esp. Ca. 458; McPeake *v.* Hutchinson, 5 S. & R. 295; Romig *v.* Romig, 2 Rawle 241; Stauffer *v.* Young, 3 Wright 455; Phillips *v.* Gregg, 10 Watts 158; Beck *v.* Graybill, 4 Casey 66; Barncord *v.* Kuhn, 12 Id. 383; Myers *v.* Myers, 1 Id. 100.

*F. M. Kimmel,* for defendant in error, cited Hugus *v.* Walker, 2 Jones 173.

The opinion of the court was delivered, June 25th 1866, by

THOMPSON, J.—The plaintiff claims the land in dispute through an alleged parol gift to her deceased husband by his father. A faint attempt was made to prove a deed executed as well as possession delivered to the son. Michael Zellers, who had owned and sold the property, conveyed it to Henry Miller without affix or designation. This happened to be the name of both father and son, and the deed being in the possession of the son at his death, it was claimed below that this possession, in connection with declarations made at sundry times to his neighbors by Henry, the father, that he had bought the land for the son, that he was going to set him up on it, and make him a business man, that he meant it as his share, and the like, were evidence that the deed from Zellers was actually made to Henry the younger, and delivered to him in pursuance of the intention. But this theory was dispelled by Zellers, whose testimony clearly proves that he made and caused the deed to be delivered to Henry the elder, who had purchased and paid for the land, and that Henry the son's name was not mentioned in the contract. How Henry came by the deed was fully explained; but this was of little consequence after the proof by Zellers. The possession of this deed by the son was no evidence of title. On this point the jury found in accordance with Zellers's testimony as to the identity of the person to whom the deed was made, and this settled the legal title to be in Henry Miller the elder, and left the son without a scrap of written evidence of title.

Neither the admitted nor rejected testimony, the subjects of

[Miller *v.* Hartle.]

the two bills of exception, could have affected the finding on this point.

Was it corroborative of a state of facts which, if believed, would establish a parol gift of the land ?   We think not, for the very sufficient reason that no competent evidence of such gift was given.   The declarations of the father to his neighbors of what he meant to do for his son was not testimony from which a present gift might be inferred: Hugus *v.* Walker, 2 Jones 173. There was no testimony that anything of the kind was said to the son, nor that he was thus induced by his father to take possession of the property, on the footing of a gift, or that he held exclusive possession of it, or made valuable or any improvement during the fifty-two days he lived after he went into possession. The clearest evidence of a present gift, accompanied by exclusive possession, and valuable improvements, not to be compensated in damages, is necessary to establish such a parol gift as equity will execute between father and son.   All this was wanting here, and both the admission and rejection of the testimony was harmless, for by itself it was nothing, and there was not sufficient evidence to go to a jury of a gift with it in or out.   It must be borne in mind that it is for the court to say whether the evidence is sufficient to raise an equity in the party claiming the execution of a parol contract or gift, and the jury to say whether or not the testimony is true if it be thought sufficient if true by the court. These are the several duties of the court and of the jury in such a case.   We think the entire testimony, as well that offered and rejected as that admitted, was insufficient to establish a gift with possession delivered pursuant to it, such as would call in equity for an execution in consideration of improvements made.   Everything was wanting to constitute it a case for execution; namely, the gift—the possession delivered in pursuance of it—the acceptance and improvements.   For these reasons the offered and rejected testimony, if wrongly treated, resulting in no injury, we do not reverse for it.   Nor for that alleged to have been erroneously admitted—we venture to think it is not evidence, but it did no harm as the case appeared.

There was no error in the answer of the court to the plaintiff's 2d point, and, without adding more, the judgment is affirmed.