# Fry's Estate.

*Decedents' estates—Claims—Parent and child—Evidence—Auditor—Witness—Party dead.*

1. Where claims presented by a son against his deceased father's estate are based only on loose declarations and admissions, and are rejected by the auditor for want of direct and positive proof, the Supreme Court will not reverse a decree of the orphans' court dismissing exceptions to the auditor's report.

*Evidence—Incompetency—Witness—Act of May 23, 1887, P. L. 158.*

2. A son who presents claims as a creditor against his father's estate is an incompetent witness in support of such claims.

Argued Oct. 10, 1910. Appeal, No. 14, Oct. T., 1910, by Frank Fry, from decree of O. C. Indiana Co., June T., 1905, No. 6, dismissing exceptions to auditor's report in

Estate of James Fry, deceased. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of W. F. Elkin, Esq., auditor. Before TELFORD, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*H. W. Storey,* with him *J. Wood Clark,* for appellant.

*W. B. Sands* and *Samuel Cunningham,* with them *J. S. Fisher,* for appellee.

PER CURIAM, January 3, 1911:

The claims presented by the appellant against his father's estate were for money loaned, for money paid to a third person on his father's account and for the amount of a bank deposit in the name of his father. They were supported only by oral testimony of loose declarations and admissions and were rejected by the auditor for want of direct and positive proofs. These claims were of a class requiring the closest scrutiny. Pollock v. Ray, 85 Pa. 428; Walls's App., 111 Pa. 460, and we find no error in their rejection.

The appellant was incompetent as a witness in support of his claim and his testimony was properly excluded. He did not claim, as argued, by devolution but as a creditor and therefore had no standing under the exceptions of clause E, sec. 5, of the Act of May 23, 1887, P. L. 158. The order of the court dismissing exceptions to the report of the auditor is affirmed at the cost of the appellant.