# Goehring's Estate.

*Decedents' estates—Claim for services—Nursing—Agreement to give house—Measure of damages.*

Where a woman agrees to leave a house by will to a nurse and housekeeper for services, but before her death sells the house, the measure of damages to the nurse and housekeeper, is not what the decedent received for the house in her lifetime, but the value of the services rendered..

Argued April 16, 1918. Appeal, No. 52, April T., 1918, by James L. Hogan, Executor of Sarah Carey, from decree of O. C. Beaver Co., dismissing exceptions to report of auditor in Estate of Christina Goehring, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Exceptions to auditor's report. Before BALDWIN, P. J.

*Error assigned* was in dismissing exceptions to auditor's report.

340, (1918).] Arguments—Opinion of the Court.

*James Hogan,* for appellant, cited: Kauss v. Rohner, 172 Pa. 481; Hertzog v. Hertzog, 34 Pa. 418; Graham v. Graham, 34 Pa. 475; Pollock v. Ray, 85 Pa. 428.

*William A. McConnell,* with him *Forest G. Moorhead,* for appellees—The appellant argues that the claimant is entitled to recover not the value of the property which she claims was promised to her by the testator, but upon a quantum meruit for the services rendered, but we think that if the claimant is entitled to recover at all, she is only entitled to recover the value of the thing promised at the time of the death of the decedent. This method of determining the amount to which a claimant would be entitled under a specific contract was followed in Mc-Cahan's Est., 221 Pa. 188, cited by the appellant, and such is also stated to be the law in: Bash v. Bash, 9 Pa. 260; McDowell v. Oyer, 21 Pa. 417; Miller's Est., 136 Pa. 239.

OPINION BY WILLIAMS, J., July 10, 1918:

This is an appeal by James L. Hogan, executor of Sarah Carey, from the decree of the Orphans' Court of Beaver County dismissing exceptions to the report of the auditor in the matter of the final account of W. A. Rose, executor of Christina Goehring.

In view of the fact that an appeal by Rose is now pending in the Supreme Court from the same decree we confine our inquiry to the claim of Sarah Carey.

Christina Goehring was an invalid; Mrs. Carey lived with her as nurse, housekeeper, etc., from 1900 until her death, January 26, 1912. Mrs. Carey received $5 a month, and board for herself and child until April, 1907, at which time she said to Mrs. Goehring: "I cannot stay here and work for you any longer unless you pay me more money. The small sum you are paying me, $1.25 per week, will not support myself and my child." Mrs. Goehring said: "I am going to make a home for you. I am going to leave you a house, the one out in the town-

ship," and thereupon executed a will devising the house in the township to Mrs. Carey. April 1, 1911, Mrs. Goehring sold the house for $1,100.

The evidence established a special contract to give the house in the township in payment for the services of Mrs. Carey from 1907 until Mrs. Goehring's death. The will recites that the devise shall "be in full for all services heretofore rendered and which may hereafter be rendered to me by her."

What amount is Mrs. Carey entitled to in view of the fact that Mrs. Goehring has made it impossible for her to receive the specific thing promised, to wit, the house in the township?

The court below allowed her the sale price of the house in 1911, $1,100, with interest from 1913. This was error. The value of the house was not the amount to which Mrs. Carey was entitled. The situation presents a breach of a parol agreement to convey land and the measure of damages is the value of the services furnished : Hertzog v. Hertzog's Administrator, 34 Pa. 418. The record must be remitted to the court below to ascertain the value of the services. The decree, in so far as it affects the amount of Mrs. Carey's claim, is reversed with a procedendo.