# Breniman, Appellant, *v.* Breniman et al., Executors.

*Contract—Parent and child—Agreement by father to convey land to son for services—Evidence—Damages—Measure of damages—Statute of frauds—Specific performance.*

1. An alleged oral agreement by a father that a son should have, on the father's death, a farm in consideration of services rendered,

must be established not only by clear and satisfactory evidence, but also by such as is direct, positive, definite and unambiguous.

2. Such a contract is not established by the indistinct recollection of witnesses as to fragmentary conversations and loose declarations of the father years before, and especially is this so where there is nothing to show any definite contract or its terms, or any description of the farm or whether the father had given it, or was to give it, to the son.

3. Loose declarations are of little value as tending to create legal obligations, and this is especially true as between parent and child.

4. It seems that the measure of damages for the breach of an agreement by a father to convey a farm to his son for services, is the consideration paid, or rendered in services, on the faith thereof, and not the value of the land.

5. It seems that, to attempt to recover the value of the real estate on such a contract, would be, in effect, to compel the specific performance of an oral contract for sale of land in spite of the statute of frauds.

Argued September 30, 1924. Appeal, No. 16, Oct. T., 1924, by plaintiff, from judgment of C. P. Clarion Co., Aug. T., 1921, No. 121, on verdict for defendants, in case of Joel Breniman v. Joel Breniman and Audley Breniman, executors of Samuel Breniman, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before SLOAN, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Geo. F. Whitmer,* for appellant, cited: Steel v. Steel, 12 Pa. 64; Young's Est., 32 Pitts. L. J. 403.

*Chas. A. Waldschmidt,* with him *A. A. Geary* and *Theo. L. Wilson,* for appellee, cited: Harris v. Richey, 56 Pa. 395; Reagan v. Curran, 226 Pa. 265; Hertzog v.

Hertzog, 34 Pa. 418; Goehring's Est., 70 Pa. Superior Ct. 340; Kauss v. Rohner, 172 Pa. 481.

OPINION BY MR. JUSTICE WALLING, November 24, 1924:

This appeal by plaintiff is from judgment for defendant in an action for alleged breach of contract. Samuel Breniman was the owner of a one-hundred-and-twenty-three acre farm in Paint Township, Clarion County, on which he and his wife resided. In 1916, he was eighty and she seventy-seven years of age. Among their children was a son, Joel, who with his wife and children resided in Westmoreland County. In the spring of that year, Joel, pursuant to some correspondence, left his family and went to reside with his parents, where he remained until his father's death in 1921, the mother having died in 1918. During those years Joel managed the farm and cared for his parents. In 1919, Samuel made his last will wherein he gave fifty acres of the farm, including the buildings and personal property thereon, to Joel and the remaining seventy-three acres to testator's two other sons. After the probate of the will, Joel brought this suit against Samuel's executors, claiming the value of the entire farm by virtue of an alleged parol agreement with his father to the effect that he (Joel) was to have the farm for taking care of his parents.

We are not dealing with the measure of proof necessary to enable a child to recover for services rendered a parent, but of proof of an oral contract by a father to convey land to his son. In the latter case the contract must be established not only by clear and satisfactory evidence, but also by such as is direct, positive, definite and unambiguous: See Bash v. Bash, 9 Pa. 260; Graham v. Graham's Executors, 34 Pa. 475; Wall's App., 111 Pa. 460; Reagan v. Curran, 226 Pa. 265, 270. In Poorman v. Kilgore, 26 Pa. 365, Justice LOWRIE, for the court, says (p. 372): "The very nature of the relation, therefore, requires the contracts between parents and children

to be proved by a kind of evidence that is very different from that which may be sufficient between strangers. It must be direct, positive, express and unambiguous. The terms must be clearly defined and all the acts necessary for its validity must have especial reference to it, and nothing else." This is quoted with approval in Harris v. Richey, 56 Pa. 395, 399. In the instant case the proof fell far short of the required standard, for it consisted of indistinct recollections of witnesses as to fragmentary conversations and loose declarations occurring years before. Only two witnesses claim to have heard any conversation between the father and son, to wit: a Mrs. Bell and a Mr. Smathers, and they were not present at the same time and the conversation related by one is substantially different from that related by the other. Mrs. Bell stated she heard Samuel say, "Joel, you are going to take the place," and Joel said he was. She also spoke of a conversation she had with the father at another time, not in the presence of the son, in which the former said, "I am giving the farm to Joel," and at the same time said he was going to send for Joel and if he wouldn't come he would give it to strangers. And at another time Samuel said Joel had come to make a bargain for the place. At still another time she heard Samuel say he had given or was going to give the farm to Joel. Her testimony is confused and indefinite. Smathers testified that he heard the old man say, in effect, that at the end of his days Joel would get everything; also that for taking care of him and his wife he would give Joel the farm but he wouldn't get it until the end of his (the father's) days. Also that on one occasion, when the old man made such a remark, Joel said, "All right." Smathers said that at one of these conversations Joel was a thousand feet away, then that he was ten rods away, then that he was ten feet away; also that ten feet was more than a rod and that he did not know whether ten rods was more or less than a thousand feet. His evidence was very uncertain and unreliable at the best.

The testimony of these two witnesses failed to show any definite contract or its terms, or any description of the farm, or whether the father had given it or was to give it to the son, or what was to become of the personalty on the farm or who was to defray the father's debts, etc. It lacks the elements of a valid contract and was too vague and indefinite: See Butler v. Kemmerer, 218 Pa. 242, 246; Purves's Est., 196 Pa. 438. There was evidence of some loose declarations of the father to the effect that Joel was to have the farm; but they, coupled with the testimony of Mrs. Bell and Mr. Smathers, were not sufficient to take the case to the jury. Loose declarations are of little value as tending to create legal obligations, and this is especially true between parent and child: See Gilbraith's Est., 270 Pa. 288; Miller's Est., 136 Pa. 239, 249; Carpenter v. Hays, 153 Pa. 432; Pollock v. Ray, 85 Pa. 428; Fry's Est., 229 Pa. 473.

No claim is made for services rendered, and, as the alleged contract was not sufficiently proven, it is unnecessary to determine its legal effect. We might say, however, the measure of damages for the breach of such a contract as here relied on is the consideration paid, or rendered, on the faith thereof, and not, as here claimed, the value of the land: Hertzog v. Hertzog's Administrator, 34 Pa. 418; Graham v. Graham's Executors, supra; Tyson v. Eyrick, 141 Pa. 296, 312; Kauss v. Rohner, 172 Pa. 481; Stephens v. Barnes, 30 Pa. Superior Ct. 127, 131; Goehring's Est., 70 Pa. Superior Ct. 340. The Hertzog Case, above cited, expressly overrules the earlier cases to the contrary. Were the rule as contended for by appellant, the practical effect would be to compel the specific performance of an oral contract for sale of land in spite of the statute of frauds. The jury properly found for the defendant, as in fact they should have been directed to do.

The judgment is affirmed.