## Stillman v. Massey et al.

*Daniel Marcu,* for plaintiff.

*Paul Reilly, Wallace C. Stilz,* and *William H. Ziegler,* for defendants.

KUN, J., November 18, 1935.—The complainant filed a bill in equity alleging that one Ida H. Stillman, now deceased, during her lifetime agreed, in consideration of his having advanced the sum of $2,000 at the instance of her agent for and on her behalf, to leave to him by her will premises 4703 Baltimore Avenue, Philadelphia, and a mortgage in the sum of $19,500, held by her on certain property in New Jersey; that the said Ida H. Stillman died on July 25, 1934, leaving a will dated May 26, 1934, in which she left the complainant the property on Baltimore Avenue, but did not leave him the mortgage. The will provides for a large number of charitable bequests, and makes the complainant the residuary legatee. The will shows that on July 30, 1934, letters testamentary were granted to Frank H. Massey and Maurice R. Massey, as executors of the estate. Complainant avers that he believes the executors are endeavoring to sell the mortgage. Complainant asks that the respondents (the executors named and all the legatees mentioned in the will) be enjoined from transferring the mortgage, that the respondents be directed to execute an assignment of the mortgage to complainant, and prays for relief generally.

Several of the legatees filed "answers" in the way of

preliminary objections to the bill raising inter alia the question of the jurisdiction of the court. Another legatee, the West Laurel Hill Cemetery Company, raised the same question by petition and rule stated therein to be filed pursuant to the Act of March 5, 1925, P. L. 23. That is the statute under which such a question is properly raised, as it applies where there is a "question of jurisdiction over the defendant, or of the cause of action for which suit is brought": Lackawanna County v. James et al., 296 Pa. 225.

The respondents in this case, while they challenge the right of plaintiff to proceed in equity on the cause of action set forth in the bill, do not do so in the sense of conceding that there is jurisdiction on the law side of the court, and that therefore the plaintiff should have proceeded at law instead of in equity. If the respondents were attempting to raise that question, they would have to do so under the Act of June 7, 1907, P. L. 440, as pointed out in the plaintiff's brief, citing Rutherford Water Co. v. Harrisburg, 297 Pa. 33.

Respondents, however, are raising a much more fundamental question, and that is the right of the court of common pleas to entertain jurisdiction of the subject matter of the bill or "cause of action for which [the] suit is brought" at all. This as has been pointed out is properly under the Act of 1925 which specifically provides for such proceeding.

We have here a case where a devisee and residuary legatee under a will wants us in effect to order a partial distribution of the decedent's estate in advance of an orderly distribution of it by the orphans' court which is charged by law with that distinctive jurisdiction. He points to the Act of June 26, 1931, P. L. 1384, and the case of Schwartz v. Schwartz, 316 Pa. 318, decided thereunder, to support his position. That act, however, and the decision relate to trusts inter vivos. All that case decided was that when that act extended jurisdiction over such trusts to the orphans' court it did not deprive the

common pleas court of concurrent jurisdiction over them as the common pleas court always did have jurisdiction over such trusts. Accordingly, the court which first acquires jurisdiction in such a case holds it to the exclusion of the other. The argument that, because the orphans' court and the common pleas courts have concurrent jurisdiction over trusts inter vivos, they also have concurrent jurisdiction over the distribution of decedents' estates, is an obvious non sequitur.

It is clear to us we have no jurisdiction to entertain this bill. The bill shows on its face that the subject matter thereof is a decedent's estate, which is to be distributed according to the terms of a will filed, and letters testamentary granted thereon, unless the complainant or anyone else can show that it is to be distributed otherwise. This court does not have jurisdiction over the distribution of a decedent's estate. That jurisdiction is exclusively in the orphans' court: Mussleman's Appeal, 65 Pa. 480; Tyson, Exec., v. Rittenhouse et al., Execs., 186 Pa. 137; Schadt's Estate, 282 Pa. 523; Williams' Estate, 236 Pa. 259; Long's Estate, 254 Pa. 370; Marsteller's Estate, 76 Pa. Superior Ct. 377; Hammett's Appeal, 83 Pa. 392; Yocum v. Commercial National Bank of Pa., 195 Pa. 411.

If the complainant fears that the executors will transfer the mortgage and thinks that he is entitled under the facts set forth to an assignment of the mortgage, the orphans' court has ample authority to issue a restraining order against the executors as shown in the cases cited. It seems, however, that under the law of Pennsylvania the complainant would not be entitled to such an order. It appears that the most the complainant would be entitled to would be damages for the failure of the decedent to make the bequest complainant alleges she agreed to make, and, contrary to the earlier law on this subject, he would be limited to recover the consideration which he advanced for the alleged promise, that is to say, the sum of $2,000, which he alleged he advanced on behalf of the

decedent: Hertzog v. Hertzog's Admr., 34 Pa. 418; Graham v. Graham's Execs., 34 Pa. 475; Kauss v. Rohner, Admr., 172 Pa. 481; Goehring's Estate, 70 Pa. Superior Ct. 340; Pollock v. Ray, 85 Pa. 428. Inasmuch, however, as the will in question itself devises to the complainant a parcel of real estate, and also makes him residuary legatee, these factors would have to be taken into account upon adjudicating the balance, if any, due him. Moreover, his claim would be subject to administration costs, charges, and other claims having priority. All these matters, however, are for consideration of the orphans' court in the distribution of the estate.

The objections raised to the jurisdiction of the court over the cause of action for which this suit was brought are sustained, and the bill is dismissed for want of jurisdiction thereof.