Lang *v.* Lang, Appellant, et al.

Argued April 12, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE,

STADTFELD, PARKER, RHODES and HIRT, JJ.

*J. Perry Eckels,* with him *Chas. B. Stegner,* for appellant.

*Albert L. Thomas,* of *Thomas & Kiebort,* with him *James E. Jack,* for appellee.

OPINION BY HIRT, J., June 25, 1940:

In this action in ejectment defendant has appealed from an adverse judgment following a directed verdict in favor of plaintiff for the land described in the writ and a verdict of the jury assessing the mesne profits.

Adda A. Lang, in her lifetime, owned certain land in Titusville, Pennsylvania. On March 2, 1936, she and her husband conveyed the premises, one acre in extent, to their daughter Josie D. Lang, by a deed of general warranty, which was duly recorded. Relying on her recorded title, Josie Lang brought this action in ejectment, with a claim of mesne profits, against Elizabeth Lang and Pearl Lang. Before trial, Pearl Lang filed a disclaimer and the action proceeded against defendant Elizabeth Lang, alone. In her answer to plaintiff's declaration, Elizabeth Lang claimed title and the right of possession to a part of the land, known as No. 611 West Springfield Street, by parol gift to her and to Melvin Lang, her husband from the latter's mother Adda

A. Lang as a wedding present on or about October 3, 1905. It was averred that Elizabeth Lang and her husband occupied the property continuously thereafter until the husband's death in 1932, and that during the period they made valuable improvements on the premises; that after Melvin Lang's death, the defendant continued in possession and became vested with exclusive title, both by the parol gift and by adverse possession. Plaintiff replied, denying the gift and averring that defendant's possession was permissive only.

At the close of defendant's case, the court granted plaintiff's motion for binding instructions and submitted to the jury the question of mesne profits. A verdict was rendered for plaintiff for the land described in the writ and for mesne profits measured by the rental value of the premises, in the sum of $375. Motion for a new trial was refused.

Where a parol agreement between a mother and her son is alleged, clearer and stronger evidence is required of the parent's intention to part with ownership of the property than in cases of parol contracts between strangers. A gift from a mother to her child can be established only by evidence that is direct, positive, express and unambiguous, bringing the parties face to face and showing the terms of the gift. The evidence must define the boundaries and indicate the quantity of the land. *Breniman v. Breniman et al.,* 281 Pa. 304, 126 A. 751; *Wright v. Nulton,* 219 Pa. 253, 68 A. 707; *Edwards v. Morgan,* 100 Pa. 330; *Hart v. Carroll,* 85 Pa. 508; *Shellhammer v. Ashbaugh,* 83 Pa. 24; *Ackerman v. Fisher,* 57 Pa. 457. Moreover, a parol gift to a child, though followed by change of possession, which has induced no expenditure for improvements which cannot be compensated for in damages is as much within the statute of frauds as an agreement to convey to a stranger. *Dill v. Westbrook,* 226 Pa. 217, 75 A. 252; *Rader v. Keiper,* 285 Pa. 579, 132 A. 824; *McKowen v. McDonald et al.,* 43 Pa. 441; *Postlethwait v. Frease et al.,* 31 Pa. 472; *Moore*

*v. Small,* 19 Pa. 461. The same principles must be applied to an alleged gift to a son and his wife by entireties.

A consideration of the record convinces us that defendant has utterly failed to sustain the burden upon her of proving a parol gift of land. At the time the gift is said to have taken place, the house subsequently occupied by defendant and her husband was only partly completed. Admittedly, they moved in at a later date, and continued to occupy the premises and were in possession when this action was brought, but the one witness called by defendant gave no testimony indicating when the occupancy began or that defendant and her husband took possession pursuant to the alleged gift. Moreover, there is no evidence identifying the land alleged to have been given. Defendant's witness attempted to locate one boundary line by reference to certain trees planted after the time of the alleged gift, but she could not designate the quantity of the land nor exactly fix any of its boundaries. Furthermore, except for some testimony that defendant and her husband worked on the house, there is no evidence that defendant and her husband made any valuable improvements, at their own expense which could not be compensated for in damages. Hence, assuming that Adda A. Lang intended to make a gift of land by parol, defendant is barred by the statute of frauds. Obviously, such testimony consisting, as it does, "of indistinct recollections ...... as to fragmentary conversations and loose declarations occurring years before", falls far short of the legal standard of proof required to sustain a parol gift of land. *Breniman v. Breniman et al.,* supra.

The question remains whether defendant has established title by adverse possession since, admittedly, she had been in possession of the property for over 30 years prior to this suit. In *Glass v. Tremellen,* 294 Pa. 436, 144 A. 413, which bears a striking similarity to the case at bar, the Supreme Court disposed of the same contention as follows: "Where a parent's property is oc-

cupied by a child, the presumption is, in the absence of any qualifying circumstances, that the possession is in subordination to the former's title. In other words, that the child holds as a licensee and not adversely. Where, however, a child takes and for twenty-one years retains exclusive possession of property under the claim and well grounded belief that he owns the same, by virtue of a parol gift from the parent, title thereto may be acquired by adverse possession, although the parent never actually made the parol gift: *Campbell v. Braden,* 96 Pa. 388. The child must show such facts and circumstances as to sustain a finding that he had reason to believe the parent had given it to him as his own. In the language of the present chief justice, speaking for the court, in *O'Boyle v. Kelly,* 249 Pa. 13, 16: 'Where a defendant in ejectment claims title under an alleged parol gift from his father, and also by adverse possession, and the evidence is insufficient, by reason of the statute of frauds, to prove the gift, the defendant must show that his original entry "was made in the honest belief that his father had given him the land" in fee, and to establish this he must prove facts sufficient to sustain that he "had reason to believe that his father had given it to him as his own"; ...... "if he has shown no warrant for such belief, his entry will be presumed to have been under a license from his father, and therefore in subordination and allegiance to the latter's superior title." ' " Here again the testimony falls far short of the legal standard of proof required. It is insufficient to justify the belief that the mother had made a parol gift of the land. Therefore we must conclude that possession was taken in subordination of the mother's title and that the possession so continued and was permissive and not adverse.

The only remaining assignment of error relates to the action of the court in striking out certain testimony of defendant's one witness, Minnie Greenland. That testimony consisted of the witness's recollection of loose

declarations of plaintiff's mother, Adda A. Lang, made in 1905 while the West Springfield house was being built, such as: "Don't you think this will make a swell wedding present? We are giving this to Melvin and Lizzie." The most that can be said of such statements—which obviously were made to the witness and not to the defendant, is that they imported an intention to give, but were ineffectual as words of present gift. Hence, while these declarations were admissible though "the most unsatisfactory species of evidence", (*Robertson v. Robertson*, 9 Watts 32), their exclusion did not prejudice defendant, for there was not sufficient evidence to go to the jury even had they been admitted. *Glass v. Tremellen*, supra; *Breniman v. Breniman et al.*, supra. Evidence wrongly excluded, which would not change the result, is not ground for reversal. *Miller v. Hartle*, 53 Pa. 108.

Judgment affirmed.