Warburton et al., Appellants, *v.* Warburton et al.

Argued May 15, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Raymond A. Speiser,* with him *Wynne James, Jr.,* for appellants.

*Webster S. Achey,* with him *David J. Smyth,* for appellees.

OPINION BY MR. JUSTICE DREW, June 30, 1941:

On December 21, 1935, appellant, Evelyn Hall Warburton, and her husband, Barclay H. Warburton, Jr., now deceased, for a consideration of $12,000, took title

to a farm in Bucks County as tenants by the entireties. Of this amount, $2,250 was furnished by appellant from her own funds, and the balance was provided by herself and her husband in the form of a judgment note for $1,750 and a mortgage for $8,000. Shortly thereafter they began minor repairs, which became rather extensive as they proceeded, and for which they were unable to pay. The appellees, Mr. and Mrs. Barclay H. Warburton, Sr., parents of Barclay H. Warburton, Jr., came to their assistance. As a result, in April, 1936, a bank account was opened in the latter's name with the proceeds from a $5,000 note, on which appellees, as well as appellant and her husband, were joint makers. This note was later paid in full by the father. He also added other amounts to the bank account and in the end had deposited a total of $22,824.51 in that account. It was intended that all this money was to be used to pay for the improvements on the property. In addition the father paid $5,375.38 directly to creditors for work done on the premises.

About July 13, 1936, Barclay H. Warburton, Sr., paid off the judgment note of appellant and her husband for $1,750 with accrued interest. He also paid their mortgage for $8,000 with interest due and took an assignment of it to himself. He then paid appellant the $2,250 which she had contributed toward the purchase price. On July 17, 1936, appellant and her husband executed a deed, in fee simple, absolute on its face, for the real estate in question to his mother, Mary B. Warburton, the conveyance reciting a nominal consideration of $1.

In the amended bill, filed by appellant individually and as administratrix of the estate of her deceased husband, and in which the guardian ad litem of the minor children of Barclay H. Warburton, Jr., joined, she alleged that prior to the conveyance last mentioned, appellees had orally promised that if the real estate were conveyed, they would cause the repairs and alterations to be completed, assume the cost thereof, and

thereafter create a trust in the premises as a homestead for the respective lives of appellant and her husband, with remainders to the latter's children, the other appellants herein. Appellant urged in the court below and now argues here that these facts constitute a trust ex maleficio against the appellees, and further claims that appellees are indebted to the estate of her deceased husband for certain money alleged to have been paid by him for improvements to the property.

The learned chancellor was properly of the opinion that the joinder of the cause of action for reimbursement for alleged expenditures made by appellant's husband during his lifetime for repairs and improvements to the property rendered the bill multifarious by reason of improper joinder of parties plaintiff (see Equity Rule 36), yet he disposed of the entire controversy on its merits. He found, and his findings are overwhelmingly supported by the testimony, that the appellant and her husband were fully reimbursed for any and all money which they invested in the property, which includes the purchase price and the cost of all the repairs and improvements, and that there never was any promise by the appellees that they would hold the property in trust for appellant or her husband, or his children, or anyone else.

Under these circumstances, appellant must fail. She has not borne the extremely heavy burden of proof required of her by our cases. See *Moffitt v. Moffitt*, 340 Pa. 107, 109-10; *Gates v. Keichline*, 282 Pa. 584, 588-9; *Breniman v. Breniman, Exrs.*, 281 Pa. 304, 306; *Wright v. Nulton*, 219 Pa. 253, 256-7; *Hart v. Carroll*, 85 Pa. 508, 510. We recognize, as did the court below, that the transaction here under consideration involved a son and his parents. But even if that fact, coupled with the particular circumstances of the instant case, could raise an implication of confidential relationship, we are convinced that appellees have shown beyond any doubt whatsoever, the perfect fairness of the dealings. The

chancellor found, and he could not have done otherwise on the record, that the appellees acted in entire good faith and in the best interests of their son and his wife. Cf. *Barnard v. Kell*, 271 Pa. 80.

We have carefully reviewed the entire record and are firmly convinced that the findings are amply supported by proof sufficient to require their submission to a jury in a trial at law, and having been affirmed by the court en banc, they are conclusive on appeal: *Ringer, Admrx., v. Finfrock*, 340 Pa. 458, 464, and cases there cited.

This conclusion obviates the necessity of considering whether or not this appeal should be quashed, since it is joint. But inasmuch as it clearly appears from the record that Evelyn Hall Warburton is the real appellant and the others merely nominal, they not having appeared by counsel, we think that the costs should be borne by her.

Decree affirmed; costs to be paid by appellant, Evelyn Hall Warburton.