## Duncan v. Billman

*Joseph C. Michetti, Jr.,* for plaintiff.
*Sidney Apfelbaum,* for defendants.

KREHEL, *P.J.*, June 27, 1985—On April 25, 1983, plaintiff filed a complaint to quiet title on an 11 square-foot piece of land lying between plaintiff's and defendants' land. Defendants filed an answer with new matter denying plaintiff's allegations and asking that plaintiff be ejected from the land. A non-jury trial was held on June 24, 1985, and accordingly, this court makes the following

## FINDINGS OF FACT

(1) Plaintiff is Wilfred H. Duncan, an adult individual residing at 533 Race Street, Sunbury, Northumberland County, Pa.

(2) Defendants are Paul M. Billman and Jean E. Billman, husband and wife, adult individuals residing at 527 Race Street, Northumberland County, Pa.; plaintiff's property adjoins defendants' property.

(3) The land in dispute is an 11 square-foot strip which separates plaintiff and defendants' property.

(4) Defendants have owned the property at 527 Race Street, Sunbury, since August 10, 1953.

(5) During 1953, but after defendants acquired the property, a white picket fence, which is approximately three and one-half feet high, was erected near defendants' western property line by defendant Paul Billman and his brother.

(6) Plaintiff acquired the property at 533 Race Street, Sunbury, in November, 1959.

(7) At various times during the period from 1960 through 1980 plaintiff, during friendly conversations with defendants, made reference to the fact that the picket fence was not on the property line and inquired as to whether or not defendants were going to move the fence.

(8) Plaintiff, during the Summer of 1980, made a statement to Harry Hummel, Jr., residing at 535 Race Street, Sunbury, that defendants are nice people to allow him to plant his flowers on defendants' land along the white picket fence.

(9) In May 1982, plaintiff started to dig post holes in order to erect a new fence between his property and defendants' property.

(10) In August 1982, plaintiff hired Gerald E. Bickhart and Sons, surveyors, from Selinsgrove, Snyder County, Pa., to survey his land.

(11) The surveyors informed plaintiff that the fence posts and post holes were not on the deed line, but encroached upon defendants' property.

(12) Two witnesses stated that they overheard the surveyor speaking to plaintiff and his wife regarding the location of part of the fence on defendants' property, and that plaintiff's wife told plaintiff not to move the fence.

(13) Plaintiff never moved the fence and the present dispute arose.

## DISCUSSION

Plaintiff contends that he owns the area of land by adverse possession. There is no dispute as to the law concerning adverse possession in Pennsylvania. As stated in Brouse v. Hauck, 330 Pa. Super. 58, 478 A.2d 1348 (1984):

"[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one (21) years. Each of these elements must exist, otherwise the possession will not confer title." 350 Pa. Super. at 62, 478 A.2d at 1351.

Plaintiff claims that his use of the land was exclusive, visible, hostile, continuous, notorious and dis-

tinct from 1959 until 1982, when the dispute arose. Plaintiff also contends that defendants had knowledge of plaintiff's use of land. There was never any opposition to plaintiff's planting flowers or bushes on that land until plaintiff's fence was being built in 1982. In effect, there was permissive usage.

Further, defendants contend that plaintiff's use was permissive. Deeb v. Ferris, 127 Pa. Super. 489, 193 Atl.72 (1937) states "There is no doubt that a permissive use is not adverse. . ." 127 Pa. Super. at 492, 193 Atl. at 76; Lang v. Lang, 140 Pa. Super. 356, 14 A.2d 216 (1940). ". . . there is no legal principle that passage of time, per se, will convert a permissive possession into an adverse, hostile one." Reynolds v. Slanaker et al., 16 Beaver Co. L. J. 97, 110 (1954); Kauffman et al. v. Chamberlain et al., 25 Chester Co. Reptr. 44, 45 (1976).

This is clearly a case of a permissive use by plaintiff, and not a case of adverse possession. That is evident from the fact that plaintiff had, on numerous occasions, mentioned to defendants that the picket fence was not on the deed line and inquired as to when and if they were going to move it. This is also evident through the testimony of Harry H. Hummel, Jr., who had discussed the use with plaintiff in the summer of 1980. Lastly, the surveyor's report of the encroachment gave the final proof that plaintiff was building on defendants' land and that plaintiff refused to move the fence. Since this court has determined that title of the disputed land is properly in defendants, this court will sustain defendants' request for ejectment of plaintiff.

Accordingly, this court enters the following

## ORDER AND VERDICT

And now, this June 27, 1985, for the reasons stated in the above opinion, in plaintiff's action to quiet

title, this court finds in favor of defendants, Paul M. Billman and Jean E. Billman, and against plaintiff, Wilfred H. Duncan.

In the action of ejectment, this court rules in favor of defendants and against plaintiff.

Plaintiff is therefore ordered to remove his fence from defendants' land and to cease any and all encroachments upon the property at issue in this case within 30 days of this date.